Opinion issued November 29, 2007










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00457-CV






DONNIE REUM, TAUNYA MCCAFFERTY AND DON MCCAFFERTY, 
Appellants


V.


MEMORIAL HERMANN HOSPITAL SYSTEM, Appellee






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2005-43550






MEMORANDUM OPINION Appellants Donnie Reum and Taunya McCafferty have neither established
indigence, nor paid all the required fees. See Tex. R. App. P. 5 (requiring payment
of fees in civil cases unless indigent), 20.1 (listing requirements for establishing
indigence); see also Tex. Gov't Code Ann. §§ 51.207, 51.941(a), 101.041 (Vernon
2006) (listing fees in court of appeals); Fees Civ. Cases B(1), (3) (listing fees in
court of appeals). After being notified by our Clerk via notice letter dated October
10, 2007, that this appeal was subject to dismissal, appellants Donnie Reum and
Taunya McCafferty did not adequately respond. See Tex. R. App. P. 5 (allowing
enforcement of rule); 42.3(c) (allowing involuntary dismissal of case).

 Accordingly, on November 15, 2007, we dismissed the appeals of Donnie
Reum and Taunya McCafferty for nonpayment of all required fees, leaving pending
the appeal of Don McCafferty. 

 In response to our Notice to Trial Court Clerk for Clerk's Record on Indigence,
the district clerk has filed the "Court Ordered Pauper Clerk's Record." It shows that
the trial court signed the order being appealed on February 28, 2007, denied a motion
for new trial on May 4, 2007, and on June 8, 2007, signed an order sustaining the
district clerk's contest to appellant Don McCafferty's May 30, 2007 filed affidavit of
indigence. The trial court having found appellant Don McCafferty able to pay the
costs of appeal, and appellant Don McCafferty having failed to respond to our court
October 10, 2007 court fee past due notice letter, we dismiss the appeal in its entirety
for want of prosecution. See Tex. R. App. P. 5 (allowing enforcement of rule); 42.3(c)
(allowing involuntary dismissal of case).

PER CURIAM

Panel consists of Chief Justice Radack and Justices Alcala and Bland.